UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TAYLOR BAUDIER CASE NO:

VERSUS

AMERICAN HEALTH COMPANIES, LLC JURY DEMANDED

and

TRUHEALTH, LLC

---

**COMPLAINT**

TAYLOR BAUDIER, Plaintiff, through undersigned counsel, upon information and belief alleges as follows:

I.

**NATURE OF THE ACTION**

This is a civil action for injunctive and monetary relief from defendant's actions and omissions of tortious misappropriation of Plaintiff's name, image and likeness, unfair competition, intellectual property infringement, unjust enrichment and other acts and violations actionable under the following laws and actions:

*Federal Causes of Action:*

1. Unfair Competition under the Lanham Act, as amended, 15 U.S.C. §1051 et seq.;
2. False Advertising under 15 U.S.C. §1125(a) of the Lanham Act;
3. False or Misleading Descriptions or Representations under 15 U.S.C. §1125(a) of the Lanham Act; and

4. Pictorial and Other Misrepresentations under 15 U.S.C. §1125(a) of the Lanham Act.

*Louisiana State Causes of Action:*

5. Misappropriation/Theft;
6. Unfair Trade Practices Act, LSA-R.S. 51:1402 *et seq;*
7. Right of Privacy Violations;
8. Unjust Enrichment; andRight of Publicity Violations.

Plaintiff also seeks to enjoin Defendants from interfering with her employment at various nursing homes, senior care facilities and assisted living facilities by asserting that Plaintiff was bound by a Non-Compete agreement that is unenforceable under Louisiana Law.

**II.**

**PARTIES**

***Plaintiff:***

1. TAYLOR BAUDIER ("Plaintiff" or "Ms. Baudier") is a person of the full age of majority and a resident of Louisiana. Ms. Baudier is a nurse practitioner licensed to practice in Louisiana and Florida. Ms. Baudier is pregnant and expecting to give birth to her second child on May 4, 2026.

***Defendants:***

2. AMERICAN HEALTH COMPANIES, LLC, ("American Health") a Tennessee limited liability company, with its principal place of business in Franklin (Williamson County), Tennessee, which, on information and belief, is doing business under the assumed name AMERICAN HEALTH PARTNERS ("AHP"). AHP owns and manages institutional special needs plans (I-SNPs) for seniors who reside in long-term care facilities.

3. TRUHEALTH, LLC ("TruHealth"), a Tennessee limited liability company, with its principal place of business in Franklin (Williamson County), Tennessee. It is authorized to do business in Louisiana and its agent for service of process is Cogency Global, Inc., 4459B Bluebonnet Road, Baton Rouge, Louisiana 70471. TruHealth supplies health and medical service providers to work primarily within nursing homes or assisted living communities with residents who are enrolled in special Medicare Advantage plans.

## III.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 USC §1332, diversity of citizenship jurisdiction with claims exceeding $75,000.00, exclusive of interest and costs. Plaintiff is a resident and citizen of Louisiana. Both Defendants are domiciled and reside in Williamson County, Tennessee. Therefore, complete diversity exists between all plaintiffs and all defendants.

2. Jurisdiction is also proper under 28 USC §1331. Some of Baudier's actions are predicated upon the Lanham Act, 15 U.S.C. §1501 *et.seq* and 15 U.S.C. §1125 and other federal questions with claims exceeding $75,000.00, exclusive of interest and costs.

3. This Court has supplemental jurisdiction over Plaintiff's state law actions pursuant to 28 U.S.C. § 1367 because they are substantially related to his federal actions and arise out of the same case or controversy.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) because Plaintiff's employment with Defendants was at facilities in St. Tammany Parish, Louisiana. Additionally, Plaintiff's claims arise in this district as well as others because the brochures containing the misappropriated use of Plaintiff's name, image and likeness were distributed to several facilities in Louisiana. Defendants have improperly coerced a facility in St. Tammany

Parish, Louisiana to prevent Plaintiff from providing health and medical services to patients in that facility.

## IV.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

1. Plaintiff, a licensed nurse practitioner, worked for Defendants providing medical services to patients who have one of Defendants' institutional special needs plans at Greenbriar Community Care Center located in St. Tammany Parish, Louisiana, from May 12, 2025 through December 26, 2025.

2. After Plaintiff ended her relationship with Defendants, Plaintiff began to build her professional career and reputation. Plaintiff began working with a practice that provided services for fees.

3. In January 2026, Plaintiff learned that Defendants used a picture of Plaintiff on the cover of a marketing brochure for one of Defendants' health plans. In this picture, Plaintiff's image, likeness and name appear. A copy of this marketing brochure is attached hereto as Exhibit A.

4. Plaintiff has never authorized Defendants to use her name, her likeness or her image.

5. On information and belief, these brochures were placed in various senior care facilities in Louisiana and in several other states.

6. By using Plaintiff's name, image and likeness in their marketing brochures, Defendants are misleading potential consumers into believing that Plaintiff, a nurse practitioner, is one of the health care providers involved in the advertised plan.

7. Defendants' use of Plaintiff's name, image and likeness also misleads potential consumers into believing that Plaintiff, a nurse practitioner, endorses the advertised plan.

8. On March 10, 2026, Plaintiff formally requested that Defendants cease and desist the use of her name, image and likeness and further requested that the brochures with her picture be destroyed. A copy of the March 10, 2026 letter from Plaintiff's counsel to Defendants is attached hereto as Exhibit B.

9. On March 12, 2026, Defendants emailed Plaintiff asserting that a document entitled Non-Compete Agreement prevents her from providing medical services at certain senior care facilities.

10. Despite the fact that the non-compete is unenforceable, Defendants' communications caused facility administrators to bar Plaintiff from returning to work pending "resolution" of this fictitiously created legal issue. This has resulted in interference with Plaintiff's lawful employment, causing her lost income and increased travel burdens, in addition to disruption of patient care for her vulnerable patient population.

11. On March 31, 2026, Plaintiff's counsel sent another letter demanding that Defendants cease the unauthorized use of Plaintiff's name, image and likeness, written confirmation that such actions have ceased (including specific number of brochures destroyed and the locations from which the brochures were obtained) and to further cease all attempts to interfere with Plaintiff's employment, professional relationships and patient care.

12. Despite the formal demands, Defendants have failed to confirm that they have stopped using Plaintiff's name, image and likeness.

13. Defendants have failed to disclose to Plaintiff the actual number of brochures printed with the misappropriated name, image and likeness.

14. Defendants have failed to disclose the locations where the brochures were placed.

15. Defendants have failed to disclose the exact number of brochures that have been recovered and destroyed.

16. Defendants have failed to cease interference with Plaintiff's employment, professional relationships and patient care.

17. Defendants transact business through interstate commerce through the Internet and through other commercial media.

18. Defendants' unauthorized use of Plaintiff's name, image and likeness has been done willfully and for commercial gain, to trade on the goodwill created by Plaintiff and to mislead the public and customers that there is an association or relationship between Plaintiff and Defendants.

19. Defendants' appropriation of Plaintiff's name, image and likeness is likely to cause confusion, mistake or deception as to Defendants' products and services.

## V.

## CLAIMS FOR RELIEF

### COUNT 1

**Violations of the Lanham Act**
**15 U.S.C.§1125(a), 15 U.S.C.§1117**
**Unfair Competition**
**False Descriptions**
**False Advertising**
**False and Misleading Description or Representation**
**Pictorial Misrepresentation**

1. Plaintiff re-alleges and incorporates herein by reference the allegations set forth above.

2. Because the Defendants' Infringing Materials are available at several senior and long-term care facilities in Louisiana, and possibly in the other states in which Defendants are conducting business, and because Defendants' brochures appear to be calculated to influence the purchasing decisions of potential clients or patients, Defendants' conduct affects interstate commerce.

3. Defendants' use of Plaintiff's name, image and likeness in their marketing materials is likely to cause confusion or to cause mistake or to deceive the public.

4. Plaintiff's remedies at law cannot adequately compensate her for the ongoing injuries threatened by the Defendants' conduct. Unless Defendants are restrained and enjoined, Defendants' will continue to commit unlawful acts, causing Plaintiff to suffer further irreparable injury to her reputation and businesses.

5. Because Defendants' actions are intentional and willful violations of Plaintiff's rights, Plaintiff is entitled to treble damages and reasonable attorney's fees under 15 U.S.C. § 1117.

6. Defendants' use of Plaintiff's name, image and likeness in their marketing materials constitute a false and/or misleading description of fact and/or misrepresentation that is likely to cause confusion and deceive the public as to the affiliation, connection and/or association of Plaintiff with the Defendants.

7. Defendants' use of Plaintiff's name, image and likeness was made without Plaintiff's permission, knowledge or license.

8. Plaintiff has been and will continue to be irreparably harmed and Plaintiff is entitled to general damages, specific damages, punitive damages, attorneys' fees, expert fees, costs and pre-judgment interest.

9. Defendants' use of Plaintiff's name, image and likeness constitutes false and/or misleading advertising designed to promote Defendants' commercial goods and services to the detriment of Plaintiff.

10. Defendants have used in commerce Plaintiff's name, image and likeness without permission in such a manner that it is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of the goods, services or commercial activities by another person.

11. Defendants have used in commerce Plaintiff's name, image and likeness without permission in commercial advertising and/or promotion, misrepresenting the nature, characteristic, qualities or geographic origin of Plaintiff's intellectual property.

**COUNT 2**

**Violations of Common Law Right of Privacy, Right of Publicity and Unjust Enrichment**

1. Plaintiff incorporates herein by reference the foregoing paragraphs as if they were copied herein *in extenso.*

2. The Defendants, without Plaintiff's consent or agreement, invaded Plaintiff's right to privacy and publicity by utilizing Plaintiff's name, image and likeness in their marketing materials in such a manner that it could be inferred that Plaintiff agreed to endorse Defendants' services and products.

3. Defendants' conduct involves the misappropriation of Plaintiff's name, image and likeness because the use in association with the Defendants' marketing materials implies her assistance with its preparation, consent to its use, and constituted the use of her professional status and endorsement.

4. The misappropriation was for the Defendants' advantage in that the Plaintiff is a skilled and caring nurse practitioner, known and recognized individual, has a record of success, and was made for the Defendants' sole pecuniary gain and profit.

5. The value of Plaintiff's name, image and likeness has been impaired and/or adversely affected by Defendants' wrongful, improper and unlicensed use. The Defendants have been unjustly enriched at Plaintiff's expense.

6. Defendants are guilty of oppression, fraud, and/or malice, in that Defendants made use of Plaintiff's name, image and likeness with the intent to injure and/or annoy Plaintiff by utilizing her

established reputation among her patients, name, likeness and identity with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

**<u>COUNT 3</u>**

**Violations of Louisiana's Unfair Trade Practices Law**
**LSA-R.S. 51:1402 et seq.**

1. Plaintiff incorporates herein by reference the foregoing paragraphs as if they were copied herein *in extenso.*

2. Under Louisiana's Unfair Trade Practices Law, R.S. 51:1402, unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

3. By designing, creating, releasing, distributing marketing materials containing Plaintiff's name, image or likeness to various senior and long-term facilities throughout Louisiana and possibly other states, Defendants have engaged in unfair competition and business practices.

4. Defendants' unfair competition and business practices include, but are not limited to, the following:

(a) Defendants caused the brochures to be created and released, and the Defendants intentionally utilized Plaintiff's name, image and likeness in those brochures, while knowing that they had no authorization, permission, license or grant to do so;

(b) Defendants violated Plaintiff's right to privacy and/or publicity by misappropriating her name, image and likeness for their own use and profit;

(c) Defendants misappropriated Plaintiff's name, image and likeness, for purposes of commercial gain;

(d) Defendants' creation, release, and distribution of the brochures with the misappropriated name, image and likeness constituted a violation of 15 U.S.C. §1125(a), the Lanham Act;

(e) By the use of Plaintiff's name, image and likeness, the Defendants profited at Plaintiff's expense; and

(f) Upon receipt of Plaintiff's cease and desist demand, Defendants undertook intentional acts to interfere with Plaintiff's livelihood to encourage Plaintiff to drop her demand.

5. Plaintiff has suffered loss of money and other damages as a result of the use or employment by the Defendants of unfair and/or deceptive methods, acts or practices declared unlawful by the Act.

6. As a result of the foregoing, Plaintiff is entitled to civil penalties, an Order for the restitution of any and all monies or property obtained and disgorgement of all profits derived from or achieved through the use of Plaintiff's name, image and likeness, attorneys' fees and costs, and injunctive relief.

7. Plaintiff first discovered the foregoing improper and wrongful conduct and actions less than one year prior to the filing of this Complaint.

8. As a result of Defendants' unauthorized use of Plaintiff's name, image and likeness in Defendants' brochures, Plaintiff is entitled to damages, special damages, treble damages, costs, expenses, attorneys' fees, prejudgment interest, and other relief allowed by law, including injunctive relief.

## COUNT 4

### Violations of Louisiana Statute LSA-R.S. 51:223.1

1. Plaintiff incorporates herein by reference the foregoing paragraphs as if they were copied herein *in extenso.*

2. The Defendants' unauthorized use of Plaintiff's name, image and likeness in its marketing materials has caused and is likely to cause injury and damage to Plaintiff's business and reputation.

3. The Defendants' actions have resulted in infringement of Plaintiff's name, image and likeness and have resulted in unfair competition and/or confusion.

4. As a result of Defendants' actions and violations of LSA-R.S. 51:223.1, Plaintiff is entitled to damages, special damages, treble damages, costs, expenses, attorneys' fees, prejudgment interest, and other relief allowed by law, including injunctive relief.

5. Plaintiff first discovered the foregoing improper and wrongful conduct and actions less than one year prior to the filing of this Complaint.

## COUNT 5

### Violations of Louisiana Law by Misappropriation/Theft

1. Plaintiff incorporates herein by reference the foregoing paragraphs as if they were copied herein *in extenso.*

2. Theft is the misappropriation or taking of anything of value which belongs to another either without the consent of the other to the misappropriation or taking or by means of fraudulent conduct, practices or representations. The Defendants intentionally took Plaintiff's name, image and likeness in Defendants' brochures.

3. Plaintiff first discovered the foregoing improper and wrongful conduct and actions less than one year prior to the filing of this Complaint.

4. As a result of Defendants' unauthorized use of Plaintiff's name, image and likeness, Plaintiff is entitled to damages, special damages, treble damages, costs, expenses, attorneys' fees, prejudgment interest, and other relief allowed by law, including injunctive relief.

**COUNT 6**

**Violation of Louisiana's Civil Code Article 2315**

1. Plaintiff incorporates herein by reference the foregoing paragraphs as if they were copied herein *in extenso.*

2. LSA-C.C. Art. 2315 provides that every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. The Defendants unauthorized use of Plaintiff's name, image and likeness through the Infringing brochures has caused injury and damage to Plaintiff's business and reputation. The Defendants are therefore obligated and required by law to pay any appropriate damages.

3. The cover page of Defendant's brochure contains a picture of Plaintiff with her name and position visible, thereby breaching her privacy and exposing Plaintiff to potential harm or aggravation.

4. Plaintiff first discovered the foregoing improper and wrongful conduct and actions less than one year prior to the filing of this Complaint.

5. As a result of Defendants' unauthorized use of Plaintiff's name, image and likeness, Plaintiff is entitled to damages, special damages, treble damages, costs, expenses, attorneys' fees, prejudgment interest, and other relief allowed by law, including injunctive relief.

**COUNT 7**

**Unjust Enrichment**

1. Plaintiff incorporates herein by reference the foregoing paragraphs as if they were copied herein *in extenso.*

2. Louisiana's C.C. Art. 2298 provides that a person who has been enriched without cause at the expense of another person is bound to compensate that person.

3. The Defendants' unauthorized use of Plaintiff's name, image and likeness through the brochures has caused injury and damage to Plaintiff's business and reputation. The Defendants have been unjustly enriched at the expense of the Plaintiff.

4. Plaintiff first discovered the foregoing improper and wrongful conduct and actions less than one year prior to the filing of this Complaint.

5. As a result of Defendants' unauthorized use of Plaintiff's name, image and likeness, Plaintiff is entitled to damages, special damages, treble damages, costs, expenses, attorneys' fees, prejudgment interest, and other relief allowed by law, including injunctive relief.

## VI.

## JURY DEMAND

Plaintiff, Ms. Baudier, demands a trial by jury on all issues and matters.

## VII.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, **TAYLOR BAUDIER,** respectfully prays for judgment against Defendants, **AMERICAN HEALTH COMPANIES, LLC and TRUHEALTH, LLC, and** for the following relief:

1. That the Court grant a preliminary and permanent injunction against Defendants: (1) from using Plaintiff's name, image and likeness in any manner, (2) from using, maintaining or providing any website, domain, media, communication and/or social media that improperly implies that Plaintiff has any association with the Defendants of any kind, has endorsed Defendants' products and/or services or suggests that Plaintiff is part of Defendants' business; (3) from disseminating

and/or distributing Plaintiff's name, image and likeness without her consent; and (4) further order the Defendants to file with the Court and serve upon Plaintiff within thirty (30) days after any injunction is issued, a written report, certified under oath, setting forth the manner and form in which Defendants have complied with the Court's injunction.

2. That this Court enter a declaratory judgment that the alleged non-compete agreement is unenforceable under Louisiana law.

3. That the Court award treble damages and other damages together with costs, prejudgment interest and attorneys' fees as permitted by 15 U.S.C. §1117(a).

4. That the Court award punitive damages.

5. That the Court award actual damages and Defendants' profits derived from the unauthorized use of Plaintiff's name, image and likeness together with attorneys' fees, costs and prejudgment interest.

6. That the Court award general damages.

7. That the Court award special damages.

8. That the Court award statutory damages.

9. That the Court order Defendants to account for and destroy all brochures and any other material or thing which use contains Plaintiff's name, image and likeness.

10. That the Court order Defendants to account to Plaintiff for any and all profits derived by them and for all damages sustained by Plaintiff by reason of Defendants wrongful conduct and actions.

11. That the Court award prejudgment and other interest allowed by law.

12. That the Court award Plaintiff such other and further relief allowed by law and/or as the Court may deem just and proper under the law.

Dated: April 15, 2026.

Respectfully submitted,

SPENCER FANE, LLP

By: *<u>/s/ Christopher K. Ralston</u>*
Christopher K. Ralston
LA Bar No. 26706
cralston@spencerfane.com

401 Audubon Street
New Orleans, LA 70118
(Mobile) 239-405-2446
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record in this matter via U. S. Mail, first class, postage prepaid and properly addressed, this 15th day of April, 2026.

*<u>/s/ Christopher K. Ralston</u>*
Christopher K. Ralston

PLEASE SERVE:

AMERICAN HEALTH COMPANIES, LLC
C/O Michael Bailey, CEO
201 Jordan Road
Franklin, TN 37067

TRUHEALT, LLC
Through its agent for service of process
Cogency Global, Inc.
4459B Bluebonnet Road
Baton Rouge, LA 70471